Filed 3/27/23  P. v. Silveira CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C096074 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF19-0003109) |
| v. | |
| MARK ANTHONY SILVEIRA, JR., | |
| Defendant and Appellant. | |

Defendant Mark Anthony Silveira, Jr., appeals from a postjudgment order denying his petition for resentencing filed under Penal Code section 1172.6.[1] [2]  His appointed

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Defendant filed his petition under former section 1170.95.  The Legislature amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2).  Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6 with no substantive change in the text of

1

counsel filed a brief asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) While we are not required to independently review the record in these circumstances (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231 (*Delgadillo*)), our discretionary review of the record reveals no meritorious issues. We therefore affirm.

BACKGROUND

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

Defendant entered the victim's home intending to steal personal property. Defendant shot the victim with a shotgun, hitting the victim in the groin and legs. Defendant pleaded no contest to attempted murder (§§ 664, 187, subd. (a)) and first degree burglary. (§ 459.) Defendant admitted that he shot the victim with malice aforethought, but without premeditation and deliberation. Defendant further admitted he personally and intentionally used the shotgun (§ 12022.53, subd. (b)) to commit attempted murder and the victim was present in the residence during the commission of the burglary. (§ 667.5, subd. (c)(21).)

Defendant agreed to a stipulated sentence of 15 years in state prison in return for the prosecution agreeing to dismiss the remaining counts and enhancements. The trial court sentenced defendant to the lower term of five years in prison for attempted murder, plus a consecutive term of 10 years in prison for the firearm enhancement. For burglary, the court sentenced defendant to a concurrent upper term of six years in prison.

Defendant later filed a petition for resentencing pursuant to section 1172.6. The prosecution filed a response arguing defendant was not entitled to relief because (1) defendant is not "[a] person convicted of . . . attempted murder under the natural and

the provision. (Stats. 2022, ch. 58, § 10.) We will refer to the statute as section 1172.6 throughout the opinion.

2

probable consequences doctrine" (§ 1172.6, subd. (a)); and (2) none of the changes made to sections 188 and 189 would preclude defendant from being convicted of attempted murder for personally shooting the victim with a shotgun. (§ 1172.6, subd. (a)(3).) The trial court appointed counsel for defendant and held a hearing to determine whether defendant had made a prima facie showing that he was eligible for resentencing. (See § 1172.6, subd. (c).) At the hearing, defendant's counsel agreed that defendant was not entitled to resentencing because defendant had admitted committing the attempted murder by personally using a firearm. Accordingly, the trial court found defendant ineligible for resentencing and denied the petition.

Defendant timely appealed from the order denying his petition.

DISCUSSION

As mentioned, defendant's appointed counsel has filed an opening brief setting forth the facts of the case and asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date the opening brief was filed. More than 30 days elapsed, and defendant has not done so.

We are not required to conduct such a review of the record because, as our Supreme Court recently held, the procedures set out in *Wende* do not apply in the context of an appeal from an order denying a petition for resentencing filed pursuant to section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at p. 226.) Nevertheless, our Supreme Court exercised its inherent supervisory powers to establish appellate procedures and requirements for providing notice to a defendant before a Court of Appeal dismisses an appeal in these circumstances. (*Id*. at pp. 231-232.) The court stated, "[T]he Court of Appeal should provide notice to the defendant that counsel was unable to find any arguable issues; the defendant may file a supplemental brief or letter raising any argument the defendant wishes the court to consider; and if no such supplemental brief or

3

letter is timely filed, the court may dismiss the appeal as abandoned." (*Id.* at p. 222, see also pp. 231-232.) The notice provided to the defendant in *Delgadillo* was "suboptimal" because "it did not inform [him] that the appeal would be dismissed as abandoned if no supplemental brief or letter was filed." (*Id.* at p. 222, see also pp. 232-233.) The court then conducted its own independent review of the record and concluded the defendant was not entitled to any relief under section 1172.6 because "the record . . . makes clear that [the defendant] was the actual killer and the only participant in the killing." (*Id.* at p. 233.)

Here, as in *Delgadillo*, the notice given to defendant failed to notify him that his failure to file a supplemental brief may result in dismissal of the appeal. For that reason, we have exercised our discretion to independently review the record.[3] Having done so, we conclude defendant is not entitled to relief under section 1172.6. Defendant is not eligible for resentencing because he admitted personally and intentionally, with malice aforethought, shooting the victim with a shotgun. This means defendant is not "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine," so he does not meet the requirements of section 1172.6, subdivision (a). (See *People v. Smith* (2014) 60 Cal.4th 603, 611 [natural and probable consequences doctrine applies when person aids and abets one crime and a coparticipant commits another crime].) Nor does defendant qualify for relief under subdivision (a)(3) of section 1172.6. He admitted shooting the victim with malice, which means the recent amendments to sections 188 and 189 do not change his liability for attempted murder. In short, defendant's section 1172.6 petition was properly denied. We found nothing else in the record that would provide defendant with a better result.

---

[3] "[T]he decision to conduct independent review is solely up to the discretion of the Courts of Appeal and is not required." (*Delgadillo, supra*, 14 Cal.5th at p. 233, fn. 6.)

## DISPOSITION

The judgment is affirmed.

                                         _____KRAUSE_____, J.

We concur:

_____DUARTE_____, Acting P. J.

_____EARL_____, J.